**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000685
04-JUN-2014
08:07 AM**

NO. CAAP-12-0000685

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NATUITASINA CYRIL TUIA, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DTA-12-01552)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Natuitasina Cyril Tuia (Tuia) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 20, 2012, in the District Court of the First Circuit, Wai'anae Division (district court).[1] Tuia was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) 291E-61(a)(1) and (a)(3) (Supp 2013).[2]

---

[1] The Honorable Lono Lee presided.

[2] HRS § 291E-61(a)(1) and (a)(3) provide:

§291E-61 Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(continued...)

On appeal, Tuia contends:

(1) the district court erred by allowing the original complaint to be amended to include the requisite *mens rea* for the alleged violation of HRS § 291E-61(a)(1); and

(2) the district court erred by denying his motion to suppress the results of his breath test because (a) he was mislead and/or inadequately advised of his rights, thus he did not knowingly and voluntarily consent to the breath test in violation of his Due Process rights, (b) he should have been advised of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), prior to being asked whether he would take a breath or blood alcohol test, and (c) he was deprived of an attorney and specifically advised that he had no right to an attorney, in violation of HRS § 803-9 (1993).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tuia's points of error as follows and affirm.

The parties stipulated to the evidence in this case. Based on that evidence, Tuia's vehicle was stopped in the early morning hours of March 9, 2012, after a police officer observed the vehicle being operated erratically and also weaving over lane markings on the H-1 freeway. Officers at the scene observed that they could smell the odor of an alcoholic beverage coming from Tuia and that his eyes were red. Tuia agreed to take a field sobriety test, which he failed. He was arrested and transported to the Kapolei police station. At the police station, Tuia was provided a copy of a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form), which was read to him. Tuia consented to a breath test,

---

[2]   (...continued)
           . . . [or]

       (3)   With .08 or more grams of alcohol per two hundred ten
             liters of breath[.]

which showed that he had a breath alcohol concentration of 0.159 grams of alcohol per 210 liters of breath.

(1) Tuia contends that the district court erred by allowing the State to amend the complaint to allege the requisite *mens rea* for the HRS § 291E-61(a)(1) charge, in order to comply with the Hawai'i Supreme Court's ruling in State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012). However, the HRS § 291E-61(a)(3) charge could have proceeded regardless of the amended complaint because it is a strict liability offense that does not require the allegation of a *mens rea*. Id. at 58-61, 276 P.3d at 627-30. "Subsections (a)(1) and (a)(3) can each serve as the basis for a conviction under HRS § 291E-61." Id. at 61, 276 P.3d at 630. In Nesmith, like this case, the defendants were charged under HRS § 291E-61(a)(1) and/or (a)(3). Id. at 50-51, 276 P.3d at 619-20. Although the supreme court ruled that the HRS § 291E-61(a)(1) charge was insufficient for failing to allege a *mens rea*, the court deemed the (a)(3) charge sufficient and affirmed the defendants' convictions under subsection (a)(3). Id. at 61, 276 P.3d at 630.

Therefore, we need not determine whether the district court erred in allowing the complaint to be amended. The original charge under HRS § 291E-61(a)(3) was sufficient and Tuia was convicted under that provision as well.

(2) As to Tuia's contention that the district court erred in denying his motion to suppress the results of his breath test, the issues raised by Tuia were recently considered and rejected by this court in State v. Won, --- Hawai'i ---, --- P.3d ---, CAAP-12-0000858, 2014 WL 1270615 (App. Mar. 28, 2014, amended May 2, 2014). Based on the decision in Won, the district court did not err in denying Tuia's motion to suppress the results of his breath test.

Given that the results of Tuia's breath test established that he had a blood alcohol content of 0.159, he was properly convicted under HRS § 291E-61(a)(3).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 20, 2012, in the District Court of the First Circuit, Wai'anae Division, is affirmed to the extent that Tuia was convicted under HRS § 291E-61(a)(3).

DATED: Honolulu, Hawai'i, June 4, 2014.

On the briefs:

Jonathan Burge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge